James C. Shah (SBN 260435)
Miller Shah LLP
8730 Wilshire Blvd #400
Beverly Hills, CA 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

(Additional counsel listed below)

*Attorneys for Plaintiff-Relator*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ASHWANI CHAWLA,<br><br>Plaintiff and Plaintiff-Relator,<br><br>v.<br><br>S&F MANAGEMENT COMPANY, LLC *et al.*,<br><br>Defendants. | Case No. 2:25-cv-01843-SVW-PVC<br><br>Hon. Stephen V. Wilson<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REOPEN DOCKET**<br><br>DATE: October 19, 2026<br>TIME: 1:30 p.m.<br>CTRM: 10A |

## INTRODUCTION

In this *qui tam* False Claims Act matter, Plaintiff-Relator, Ashwani Chawla ("Plaintiff-Relator"), respectfully requests that the Court reopen the docket such that Plaintiff-Relator's claims against the non-referred remaining Defendants may proceed.

On June 25, 2026, only nine of 21 total Defendants—Windsor Terrace Healthcare, LLC; S&F Market Street Healthcare, LLC; Windsor Sacramento

Estates, LLC; Windsor Gardens Convalescent Hospital, Inc.; Windsor Hayward Estates, LLC; Windsor Care Center National City, Inc.; Windsor Cheviot Hills, LLC; S&F Hospice Opco I, LLC; and S&F Home Health Opco I, LLC (collectively, "Divested Defendants")—filed a motion requesting that the Court refer Plaintiff-Relator's Complaint (ECF No. 1) against Divested Defendants to the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "Bankruptcy Court"). ECF Nos. 71, 72. The Court subsequently ordered on August 13, 2026, that the case ***against Divested Defendants*** be referred to the Bankruptcy Court to determine "the dischargeability of particular debts" owed by Divested Defendants and at issue in Plaintiff-Relator's False Claims Act case. ECF No. 105. Despite the fact that Plaintiff-Relator still has pending allegations against twelve Defendants, the case was administratively deemed terminated and the docket was closed. Plaintiff-Relator respectfully requests that the Court exercise its inherent power to control its docket and the disposition of its cases to reopen the docket and allow the matter to proceed. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In their motion, Divested Defendants asserted that they "stand apart from the other defendants in this litigation." ECF No. 72 at 1. Notably, the remaining 12 defendants—S&F Management Company, LLC; Windsor Twin Palms Healthcare Center, LLC; Windsor Convalescent and Rehabilitation Center of Concord, LLC; Blythe/Windsor Country Park Healthcare Center, LLC; Windsor Convalescent and Rehabilitation Center of Salinas, LLC; 13000 Victory Boulevard, LLC; Windsor Gardens Healthcare Center of Hayward, LLC; Windsor Bakersfield Healthcare, LLC; Windsor Convalescent and Rehabilitation Center of Fremont, LLC; Lee Samson; Lawrence Feigen; and Donny Feldman (collectively, "Remaining Defendants")—did not join in Divested Defendants' referral motion (nor, for that matter, Divested Defendants' motion for a stay pending the Bankruptcy Court's determinations). It is clear that Divested Defendants' requested relief pertained

solely to Plaintiff-Relator's allegations against those nine Defendants; the remaining twelve were not the subject of Divested Defendants' motion, by Divested Defendants' own admission, and, as such, the Court's Order granting the motion did not terminate the totality of the action.[1]

The question of dischargeability does not apply to Remaining Defendants, which were not part of the prior bankruptcy and are not subject to the Bankruptcy Plan; this Court need only to address the *qui tam* allegations against Remaining Defendants, for which the Bankruptcy Court has no particular special expertise that would warrant referral. Moreover, should the Bankruptcy Court correctly determine that Plaintiff-Relator's False Claims Act allegations are not precluded by the Bankruptcy Plan and that Divested Defendants' debts related to those allegations are not discharged, the Bankruptcy Court may properly refer the case against Divested Defendants back to this Court for adjudication over the False Claims Act issues. In the meantime, the case against Remaining Defendants should proceed in the interest of the economy of time and effort for both the Court and parties.

## CONCLUSION

For all these reasons, Plaintiff-Relator respectfully requests the Court instruct the Clerk to reopen this matter's docket.

[1] Plaintiff-Relator does not challenge or request reconsideration of the Court's decision to refer the case to the Bankruptcy Court, as to ***Divested Defendants***. Rather, Plaintiff-Relator requests that the docket be reopened as to Remaining Defendants, on the understanding that the docket was closed in error given the scope of the relief requested and granted.

DATED: September 16, 2026

Respectfully submitted,

MILLER SHAH LLP

/s/ *James C. Shah*
James C. Shah (SBN 260435)
8730 Wilshire Boulevard, Ste 400
Los Angeles, CA 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

Bruce D. Parke (*pro hac vice*)
MILLER SHAH LLP
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Telephone: 610-891-9880
Facsimile: (866) 300-7367
Email: bdparke@millershah.com

Ari Yampolsky
WHISTLEBLOWER PARTNERS LLP
1 Embarcadero Center, Suite 1200
San Francisco, CA 941111
Telephone: (415) 707-6855
Email: ari@whistleblower.law

***Counsel for Plaintiff-Relator***

**CERTIFICATE OF SERVICE**

I, James C. Shah, hereby certify that on September 16, 2026, the foregoing document was served via the ECF filing system on counsel of record for Defendants.

*/s/ James C. Shah*
James C. Shah (SBN 250435)